IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| SALLIE ROBERTSON, | ) |
| Plaintiff, | ) Case No. 4:04-CV-00043 |
| v. | ) **MEMORANDUM OPINION** |
| CROWN AUTO, INC., et al. | ) |
| Defendants. | ) By: Jackson L. Kiser |
| | ) Senior United States District Judge |

Before me are the *Defendants' Motion for Partial Summary Judgment as to Plaintiff's First and Second Causes of Action* [41] and *Defendants' Second Motion for Partial Summary Judgment Regarding Plaintiff's Third and Fourth Causes of Action* [43]. For the reasons stated below, I hereby deny the Defendants' *Motions* as they pertain to the Plaintiff's first cause of action and defer action on the remaining causes of action, which are state claims, pending a decision as to whether they should be dismissed without prejudice.

## I. STANDARD OF REVIEW

Summary judgment is appropriate where no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue of a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In making this determination, "the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party." *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994) (citations omitted), *cert. denied*, 513 U.S. 813 (1994); *Felty v.*

-1-

*Graves-Humphreys Co.*, 818 F.2d 1126, 1129 (4th Cir. 1987). Nevertheless, where the record taken as a whole cannot lead a rational trier of fact to find for the nonmoving party, no genuine issue exists for trial and summary judgment is appropriate. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## II.  STATEMENT OF FACTS

As stated above, this Court is required to view the facts in a light most favorable to the Plaintiff for purposes of ruling on the *Defendants' Motions for Summary Judgment*.

The Defendant corporation in this case, Crown Auto, Inc. uses the trade name Auto Villa ("Defendant"). The vehicle that is the subject of this case is a 1995 Honda ("car"). On or about April 16, 1999, the car was owned by Johnnie Dean of Eden, North Carolina. On or about April 16, 2003, Dean transferred ownership of the car to Robert Woodall Chevrolet; at this time the odometer on the car read 146, 119. On or about April 17, 2003, Woodall sold the car to Jerry's Auto Sales; at this time the odometer on the car read 146, 119. On or about June 10, 2003 Jerry's Auto Sales turned the car over to John Moss of Auto Villa. On or about August 26, 2003, the subject car was inspected by John Hoover Honda and the odometer reading was recorded as 148, 026 on a Virginia state inspection receipt. Defendant Audrey Moss testified in an affidavit that the odometer on the car did not show 148,026 miles on that date.

On April 16, 2004, Sallie Robertson ("Plaintiff") went to the Auto Villa looking for a car to purchase. The Plaintiff was told by the Defendant Donald Aaron that the subject car had never been wrecked and Robertson agreed to buy the car. The car, however, had been badly wrecked, though not enough to brandish the title. The Plaintiff states that the Defendants should

-2-

have known that the car had been wrecked because they often rebuild wrecked cars as part of their business. Auto Villa had paid $3,100 for the car and ultimately sold it to Robertson for $7,775.00.

When Robertson bought the car, the Defendants stated on the buyer's order that the mileage on the car was 146,203. The Defendants also gave Robertson an odometer disclosure statement, signed by Defendant Donald Aaron, in which the Defendants certified that, to the best of their knowledge, the odometer read 146,203. Furthermore, Defendant Ellen Stallings signed the title for Crown further representing that the odometer reading was actually 146, 203.

The motor vehicle dealer license for Crown is held by Audrey Moss who is the supervisor of operations; John Moss is the supervisor when Audrey Moss is absent. Both Audrey and John Moss approved the sale of the car to Robertson.

## III.   PROCEDURAL BACKGROUND

The Plaintiff filed her *Complaint* in this case with this Court on June 25, 2004. The Plaintiff filed an *Amended Complaint* with this Court on September 20, 2004. The Plaintiff's *Amended Complaint* contains four alleged causes of action: a violation of the Federal Motor Vehicle Information Act, Virginia Odometer Tampering, consumer fraud, and actual fraud.

A *Motion for Partial Summary Judgment* was filed by the Plaintiff on December 21, 2004. An *Order* denying the *Plaintiff's Motion for Summary Judgment* was issued by this Court on February 17, 2005. A second *Motion for Summary Judgment* was filed by the Plaintiff on April 20, 2005. On July 21, 2005, this Court dismissed the *Motion* because it was not noticed for hearing within ninety days of being filed as required by the *Pre-trial Order* issued on October 18, 2004 by this Court. On October 6, 2005 the Defendants filed a *Motion to Continue* the trial

date.  This Court granted the *Motion* by an *Order* dated November 4, 2005.

On November 15, 2005, the Defendants filed two *Motions for Summary Judgment* – one concerning the Plaintiff's first and second causes of action, the other concerning the Plaintiff's third and fourth causes of action.  On November 29, 2005, the Plaintiff filed a *Memorandum in Opposition*.  The hearing on the Defendant's *Motions for Summary Judgment* was held before this Court on January 17, 2006 in Danville.

## IV. DISCUSSION

The federal statute applicable to the Plaintiff's first cause of action, an alleged violation of the *Federal Motor Vehicle Information Act*, directs that:

> A person may not . . . disconnect, reset, alter, or have disconnected, reset, or altered, an odometer of a motor vehicle intending to change the mileage registered by the odometer . . . with intent to defraud, operate a motor vehicle on a street, road, or highway if the person knows that the odometer of the vehicle is disconnected or not operating . . . 49 U.S.C. §32703(2-3).

In order for a Defendant to be found civilly liable under the cited federal statute, the Defendant must have a) tampered with the odometer, and b) had an intent to defraud.  In this case, the Plaintiff has a Virginia State Police Inspection Certification receipt which shows that the odometer of the car in this case read 148,026 miles on August 26, 2003.  The Plaintiff also provides evidence of a buyer's order from the Defendant Crown Auto which shows that the odometer of the car had 146,203 miles when the Plaintiff purchased the car on April 16, 2004 – about six months after the date of the state inspection receipt.  However, on page three of its *Memorandum in Support of its Motion for Summary Judgment*, the Defendants argue that Audrey Moss stated in an affidavit, which was not filed with the *Memorandum*, that on August

-4-

26, 2003 the odometer on the car read 146, 192 when it was delivered to the Defendant Crown Auto – or about 2,000 miles less than the mileage listed on the state inspection sticker of the same date.

This competing evidence regarding the amount of miles on the odometer as of August 26, 2003 creates a triable issue of material fact. If the evidence proffered by the Defendants is correct, i.e. Audrey Moss' affidavit statement, then it seems to prove that the Defendants did not tamper with the odometer, and therefore cannot be held liable under the cited federal statute. However, if the evidence proffered by the Plaintiff is correct, the state inspection receipt, it would seem to prove that the Defendants did tamper with the odometer, and the Defendants could ultimately be held liable under the cited federal statute if a further showing is made that they acted with an intent to defraud the Plaintiff.

For purposes of this *Motion*, the evidence must be read in the light most favorable to the Plaintiff – such a reading must result in a finding that the Plaintiff's evidence of the state inspection sticker is counter to the affidavit offered by the Defendants. As such, the mileage on the odometer of the car as of August 26, 2003 constitutes a triable issue of material fact in this case. The second element, intent to defraud, also is a triable issue based on a resolution of whether the Defendants intentionally altered the odometer.

The second, third, and fourth causes of action in the *Plaintiff's Amended Complaint* are all state causes of action. The Plaintiff's second cause of action alleges odometer tamping in violation of *Virginia Code §46.2-112*. The Plaintiff's third cause of action alleges consumer fraud which could render the Defendant liable under various statutes of the *Virginia Code*. Finally, the Plaintiff's fourth cause of action alleges actual fraud which could render the

-5-

Defendant liable under Virginia common law.

The *United States Code* gives this Court the right to deny the *Defendant's Motion for Summary Judgment* with regard to the Plaintiff's first cause of action, alleged odometer tampering in violation of federal law, and to allow the parties to proceed before this Court on that cause of action, while declining jurisdiction on the state causes of action. The *United State Code*, *28 U.S.C. 1367*, directs:

> **a)** Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
>
> \*\*\*
>
> **(c)** The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if–
>
> \*\*\*
>
> **(2)** the claim substantially predominates over the claim or claims over which the district court has original jurisdiction. . .
>
> \*\*\*

In *White v. County of Newberry, S.C.* the Defendant asked the Court to deny supplemental jurisdiction, and the Fourth Circuit elaborated on the meaning of *28 U.S.C. §1328* in rejecting the request:

> 28 U.S.C. §1367 directs that [t]he district court may decline to exercise supplemental jurisdiction over a claim . . . if . . . the claim substantially predominates over the claim or claims over which the district court has original jurisdiction. The County bases its predominance argument largely on the fact that the ultimate award of compensatory damages under the state claim greatly exceeded any amount of response costs the Whites could recover. The County's argument would necessitate the district court's forecast of potential recoveries and a relative comparison of their magnitude. The determination of whether a state claim predominates is not grounded in dollars and cents; the district court, when exercising its discretion, is invoking the abstention doctrine and must address

-6-

federalism concerns about avoiding federal overreaching into highly specialized state enforcement or remedial schemes. 985 F.2d 168, 172 (4th Cir. 1993).

In the earlier case of *Burford v. Sun Oil Company*, the U.S. Supreme Court referred to the abstention doctrine in the context of supplemental jurisdiction:

> [There is] a doctrine of abstention appropriate to our federal system whereby the federal courts, "exercising a wise discretion," restrain their authority because of "scrupulous regard for the rightful independence of the state governments and for the smooth working of the federal judiciary. . . This use of equitable power is a contribution of the courts in furthering the harmonious relation between state and federal authority without the need of rigorous congressional restriction of those powers." 319 U.S. 315, 332 (1943), quoting *Railroad Commission of Texas v. Pullman Company*, 312 U.S. 496, 500 – 501 (1941).

This Court has original jurisdiction over the Plaintiff's first cause of action in this case – an alleged violation of the *Federal Motor Vehicle Information Act*. As I indicated at oral argument, there is a serious question here as to whether the state claims so predominate that the Court should decline jurisdiction. I will not make this determination until counsel have had an opportunity to state their position in briefs to the Court.

In its *Motion for Summary Judgment as to Plaintiff's First and Second Causes of Action,* the Defendants argue that this Court should award them costs and attorneys' fees for defending this suit because it was brought contrary to the clear weight of the law . This request is obviously denied with regard to the Plaintiff's first cause of action, the only cause of action that will remain before this Court, because I have herein denied the *Defendants' Motion for Summary Judgment* with regard to the Plaintiff's first cause of action.

## V. CONCLUSION

Based upon the above rationale, I deny the *Defendants' Motions for Summary Judgment* as they pertain to the first cause of action in the Plaintiff's *Amended Complaint,* and I defer decision on the Plaintiff's second, third, and fourth causes of action pending briefing by the

-7-

parties on the supplemental jurisdiction issue.

The Clerk of the Court is hereby directed to send a certified copy of this *Memorandum Opinion* and the accompanying *Order* to all counsel of record.

Entered this 2nd day of February, 2006.

                                        s/Jackson L. Kiser
                                        Senior United States District Judge

-8-

Case 4:04-cv-00043-JLK-mfu   Document 50   Filed 02/02/06   Page 8 of 8   Pageid#: 321