IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| SALLIE ROBERTSON, ) | |
| ) | Case No. 4:04-CV-00043 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| CROWN AUTO, INC., et al. ) | |
| ) | By: Jackson L. Kiser |
| Defendants. ) | Senior United States District Judge |
| ) | |

On February 2, 2006 this Court entered an *Order* and *Memorandum Opinion* concerning the Defendants' *Motions for Summary Judgment* in which this Court asked the parties to submit briefs on the issue of supplemental jurisdiction in this case. The parties have filed their briefs, and now the issue is ripe for decision. For the reasons cited below, this Court will exercise supplemental jurisdiction. The federal and state claims embodied in the Plaintiff's *Amended Complaint* will proceed during the jury trial in this case scheduled to begin on Monday June 19, 2006 at 9:30 AM before this Court.

**I.     DISCUSSION**

This Court has jurisdiction over this case because the Plaintiff's first count alleges a violation of the *Federal Motor Vehicle Information Act*. In this case *28 U.S.C. §1367(a)* governs supplemental jurisdiction:

> In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

The United States Supreme Court, in *United Mine Workers of America v. Gibbs*, provides

-1-

the test that must be used by this Court to determine whether the state claims alleged in this case form part of the same constitutional case or controversy as the federal claims alleged:

> Pendent jurisdiction, in the sense of judicial power, exists whenever there is [a federal claim] . . . and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional "case." The federal claim must have substance sufficient to confer subject matter jurisdiction on the court . . . The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole. 383 U.S. 715, 725 (1966).

Once it is established that the state and federal claims derive from a common nucleus of operative fact, *28 U.S.C. §1367(c)* grants this Court limited discretion in declining to exercise supplemental jurisdiction:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subdivision (a) if:
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

This Court certainly has the power to exercise supplemental jurisdiction in this case; the only question that remains is whether the Court should exercise that power. The state claims alleged in this case, violation of the *Virginia Odometer Tampering Act*, consumer fraud, and actual fraud, are not complex or novel issues. Therefore *28 U.S.C. §1367(c)(1)* is not a basis for declining supplemental jurisdiction in this case. This Court, by *Order* dated February 2, 2006, found that a triable issue of material fact exists in this case under the *Federal Odometer Act.* Therefore, the original jurisdiction claims were not dismissed in this case, and *28 U.S.C.*

-2-

*§1367(c)(3)* cannot be a basis for declining supplemental jurisdiction. Additionally, no exceptional circumstances exist in this case to warrant declining supplemental jurisdiction pursuant to *28 U.S.C. §1367(c)4*.

The only remaining basis for the Court to refrain from exercising supplemental jurisdiction in this case is *28 U.S.C. §1367(c)(2)* which would require the Court to find that the state claims substantially predominate over the federal claims. In determining whether state claims substantially predominate over federal claims, this Court cannot merely consider whether the state claims could lead to a greater damage award than the federal claims. In *White v. County of Newberry S.C.*, the County argued that the District Court should have declined to exercise supplemental jurisdiction because the possible amount of an award under the state claims was far greater than under the federal claims. However, the Fourth Circuit in *White* disagreed:

> The County's argument would necessitate the district court's forecast of potential recoveries and a relative comparison of their magnitude. The determination of whether a state claim predominates is not grounded in dollars and cents; the district court, when exercising its discretion, is invoking the abstention doctrine and must address federalism concerns about avoiding federal overreaching into highly specialized state enforcement or remedial schemes. 985 F.2d 168, 171 - 72 (4th Cir. 1993).

Exercising supplemental jurisdiction in this case would not amount to overreaching into specialized state enforcement or remedial schemes.

In this case, not only do the state claims not predominate, but largely the same proof can be used to determine whether the Defendants are liable under both the state and federal claims. The *Federal Motor Vehicle Information Act* makes it illegal to "disconnect, reset, alter, or have disconnected, reset, or altered, an odometer of a motor vehicle intending to change the mileage registered by the odometer." *49 U.S.C. §32703(2)*. In her *Amended Complaint*, the Plaintiff

-3-

alleges that the Defendants violated the *Federal Motor Vehicle Information Act* with the intent to defraud. (*Amended Complaint*, Page 5, Paragraph 16). The same evidence used to determine if the Defendants violated the *Federal Act* by tampering with the odometer could be used to determine whether they violated the similarly worded *Virginia Odometer Tampering Act.* Furthermore, the same evidence used to determine if the Defendants violated the *Federal Act* with an intent to defraud could be used to determine whether they can be held civilly liable for the state claims of consumer fraud and actual fraud.

Finally, this Court's use of discretion when determining whether to exercise supplemental jurisdiction should be guided by the principles supporting the existence of supplemental jurisdiction. In *Gibbs*, the U.S. Supreme Court stated that pendent jurisdiction was justified by considerations of judicial economy, convenience, and fairness to litigants. 383 U.S. 715, 726. Based on these principles, this Court should exercise supplemental jurisdiction. Judicial economy dictates that the claims arising out of a single car sale, one operative set of facts, be settled at one place and at one time. Exercise of supplemental jurisdiction will also serve the convenience of the parties because all the claims in this case can be adjudicated in a single proceeding. Finally, the exercise of supplemental jurisdiction is also fair to the litigants because, again, all litigants can have all the issues in this case adjudicated in one trial before one Court.

In this case, both the state claims and the federal claims arose from the same nucleus of operative fact. In this case, the state claims do no predominate over the federal claims. It seems, therefore, that supplemental jurisdiction should be exercised in this case to allow the Plaintiff's alleged state claims to proceed before this Court along with the federal claims.

-4-

## V. CONCLUSION

For the reasons stated above, this Court will exercise supplemental jurisdiction. The federal and state claims embodied in the Plaintiff's *Amended Complaint* will proceed during the jury trial in this case scheduled to begin on Monday June 19, 2006 at 9:30 AM before this Court.

The Clerk of the Court is hereby directed to send a certified copy of this *Memorandum Opinion* and the accompanying *Order* to all counsel of record.

Entered this 14th day of March, 2006.

s/Jackson L. Kiser
Senior United States District Judge